**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4003

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDALE TYRONE STRANGE, a/k/a Ghost,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00217-FL-4)

Submitted:  August 29, 2023                                Decided:  August 31, 2023

Before KING, AGEE, and BENJAMIN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** James M. Ayers II, AYERS & HAIDT, PA, New Bern, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendale Tyrone Strange pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court sentenced Strange to 86 months' imprisonment and he now appeals.  Strange's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Strange's sentence is reasonable.  Strange has filed a supplemental pro se brief raising claims of prosecutorial misconduct and ineffective assistance of counsel.  The Government has moved to dismiss the appeal based on the waiver of appellate rights in Strange's plea agreement.  For the following reasons, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver.  *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018).  We will generally enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver.  *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018).  A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently."  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).  After review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Strange knowingly and voluntarily pleaded guilty and waived his right to appeal, with limited exceptions, and that the waiver is valid and enforceable.  Accordingly, we grant the Government's motion to dismiss Strange's appeal as to all issues within the waiver's scope.

With respect to the arguments raised in Strange's pro se brief, although ineffective assistance of counsel claims fall outside the scope of the waiver, "we will reverse only if it

2

conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Strange's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Strange's prosecutorial misconduct claim similarly falls outside the scope of the waiver, but our review of the record revealed no evidence of prosecutorial misconduct.

We have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of Strange's valid appellate waiver. Accordingly, we grant the Government's motion to dismiss Strange's appeal in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the district court's judgment.

This court requires that counsel inform Strange, in writing, of the right to petition the Supreme Court of the United States for further review. If Strange requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Strange. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3